J-S46035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE LESTER HAWKES | : | |
| | : | |
| Appellant | : | No. 98 MDA 2017 |

Appeal from the Judgment of Sentence January 9, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0001330-2015

BEFORE:  BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 29, 2017**

Appellant Lance Lester Hawkes appeals the judgment of sentence entered by the Court of Common Pleas of Adams County after the trial court convicted Appellant of Aggravated Assault.  Appellant raises challenges to the sufficiency and weight of the evidence.  We affirm.

On March 3, 2010, at midnight, Officer Richard Henry Phillips attempted to initiate a traffic stop of Appellant's vehicle, which was traveling eastbound on York Road.  Officer Phillips activated the overhead lights of his patrol car and began to follow Appellant's vehicle.  Appellant refused to pull over, fled an excessive rate of speed (approximately 80 to 100 miles per hour), and ran a red light at the Cross Keys intersection.  Just three to four

_____

[*] Former Justice specially assigned to the Superior Court.

seconds later, while pursuing Appellant through the intersection, Officer Phillips's patrol car collided with a tractor-trailer. As a result of the accident, Officer Phillips sustained traumatic brain injury, broken facial bones, and a broken leg.

Appellant fled the scene of the accident and was able to avoid apprehension for five years. On November 12, 2015, Appellant was charged with aggravated assault of a police officer under 18 Pa.C.S.A. § 2702(a)(2). Following a stipulated bench trial, Appellant was convicted of Aggravated Assault on November 3, 2016. Appellant filed a post-trial motion, which was subsequently denied. The lower court sentenced Appellant to 5½ to 11 years' incarceration on January 9, 2017. Appellant filed a timely notice of appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues for our review on appeal:

1. Whether there was sufficient evidence, as a matter of law, to support a verdict of guilty of the crime of aggravated assault?

2. Whether the lower court abused its discretion when it denied Appellant's motion for a new trial because the verdict was against the weight of the evidence?

Appellant's Brief, at 4.

In reviewing Appellant's challenge to the sufficiency of the evidence supporting his aggravated assault conviction, we are guided by the following standard:

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Wanner*, 158 A.3d 714, 717–18 (Pa.Super. 2017) (quoting *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014)).

Appellant was convicted of Aggravated Assault pursuant to Section 2702(a)(2) of the Crimes Code which provides that "[a] person is guilty of aggravated assault if he … attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) … while in the performance of duty." 18 Pa.C.S.A. § 2702(a)(2). Police officers are included in the category of individuals enumerated in Section 2702(c).

Appellant specifically argues that there is insufficient evidence to show that he acted with the requisite recklessness. To sustain a conviction for aggravated assault based on the theory of recklessness, the Commonwealth

must prove a heightened *mens rea* and show the defendant's recklessness rose to the level of malice. ***Commonwealth v. Kling***, 731 A.2d 145, 147 (Pa.Super. 1999).

> Malice exists where there is a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured. Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury. A defendant must display a conscious disregard for almost certain death or injury such that it is tantamount to an actual desire to injure or kill; at the very least, the conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result.

***Id***. at 147–48 (citations omitted).

Although this Court has recognized that motor vehicle crashes seldom warrant a conviction for aggravated assault due to the heightened *mens rea* requirement, "a conviction based on malice is appropriate where evidence demonstrates the element of *sustained recklessness* by a driver in the face of an *obvious risk of harm* to his victims." ***Commonwealth v. Kling***, 731 A.2d 145, 149 (Pa.Super. 1999) (citing ***Commonwealth v. Comer***, 552 Pa. 527, 716 A.2d 593 (1998)). ***See Commonwealth v. Riggs***, 63 A.3d 780, 784–85 (Pa.Super. 2012) (finding this Court has not hesitated in upholding an aggravated assault conviction for a motor vehicle crash when the particular facts support a finding of malice).

In **Riggs**, this Court affirmed the appellant's aggravated assault conviction, when the defendant ran a red light, traveled at a high rate of speed through an intersection without applying his brakes, collided with another vehicle, and fled from the scene of the accident. This Court found these circumstances, along with the fact that Appellant had been previously involved in three high-speed chases with police, supported the finding of sustained recklessness. **Id**. at 785. In **Kling**, this Court upheld the appellant's conviction for aggravated assault as the appellant caused a fatal accident when racing on a curvy mountain road at speeds in excess of eighty m.p.h. The record showed that just moments before the crash, the appellant nearly hit a minivan traveling in the opposite direction, but continued his reckless conduct and disregarded the risk that his conduct could result in serious disaster. Thereafter, the appellant sped into a double blind curve, where he crossed the center line, killing an oncoming driver and seriously injuring her ten-year-old son. As result, this Court found the appellant exhibited sustained recklessness as he "had adequate time to calculate and reflect upon the consequences of his reckless conduct, thus rendering the choice to continue it malicious." **Kling**, 731 A.2d at 150.

In the case *sub judice*, we find sufficient evidence to demonstrate that Appellant acted with sustained recklessness in the face of an obvious risk of harm to Officer Phillips and the public at large. Although Officer Phillips attempted to pull over Appellant's vehicle for a traffic stop and activated the overhead lights of his patrol car, Appellant disregarded the officer's request

and initiated a high-speed chase in which Appellant reached speeds between 80 and 100 m.p.h. Appellant continued at this high rate of speed through the red light at an intersection in an attempt to avoid apprehension. Officer Phillips, in pursuit of Appellant, passed through the intersection just seconds later, and was hit by a tractor-trailer. As this evidence shows Appellant blatantly disregarded the risk that his conduct could cause death or serious bodily injury to another person, we conclude there is sufficient evidence to support Appellant's aggravated assault conviction.[1]

Appellant also raises a challenge to the weight of the evidence supporting his aggravated assault conviction. In reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

_____

[1] Although Appellant asserts in his appellate brief that the Commonwealth failed to prove that his conduct caused the serious bodily injury to Officer Phillips, Appellant does not cite any authority or develop any analysis to support a challenge to the causation element. Thus, this issue is waived. *See Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (holding that "[w]here an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him").

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003).  "A trial court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve." *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa.Super. 2012), *appeal denied*, 620 Pa. 721, 69 A.3d 601 (2013) (internal citations omitted).

Appellant argues that the trial court erred in making certain factual determinations.  First, although the driver of the tractor-trailer told police that Appellant ran a red light, Appellant argues that another eyewitness told officers Appellant had a green light when he passed through the intersection. Second, Appellant objects to the trial court's characterization of the intersection as "busy" when the crash occurred at midnight.  Third, Appellant argues that the trial court erred in finding that he was traveling 80 and 100 m.p.h. when one of the witnesses "correctly predicted" Appellant was driving between 80 and 90 m.p.h.

Appellant's challenge to the weight of the evidence is meritless as "a new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Widmer*, 560 Pa. 308, 319–20, 744 A.2d 745, 752 (2000) (citation omitted).  We will not disturb the trial court's credibility determinations as factfinder and discern no abuse of discretion by the trial court in concluding that the verdict was not against the weight of the evidence.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Bowes, J. join the memorandum.

Olson, J. Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017